IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MICHAEL TYSON**                                                                   **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:07cv75KS-MTP**

**SHERIFF LARRY DYKES; JONES COUNTY,
MISSISSIPPI; CHRIS SMITH; JOHN DOES
A THROUGH Z**                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on joinder in Motions to Dismiss Based on Qualified Immunity by defendants Sheriff Larry Dykes and Chris Smith. The original motions were filed by defendants who have been dismissed and are docket numbers **[5] & [10]**. Dykes' joinder is docket number **[20]** and Smith's joinder is docket number **[26]**. Dykes has also filed a supplemental motion to dismiss as docket number **[36]**. The court, having reviewed the motions, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion to dismiss Sheriff Dykes in his individual capacity based on qualified immunity is well taken and should be granted and that Smith's motion/joinder is not well taken and should be denied. The court specifically finds as follows:

## FACTUAL BACKGROUND

The plaintiff contends that on or about September 10, 2005, he called the Jones County Sheriff's Department for assistance because armed men were chasing him on his property. The plaintiff contends that when the dispatched Jones County officers

arrived, he was taken into custody by Chris Smith as well as other unnamed employees of Jones County, Mississippi, or the Southeast Mississippi Drug Task Force.  The plaintiff next asserts that he was handcuffed and assaulted by being struck by the butt of a pistol as well as with the officers fists and feet.  The plaintiff further asserts that he was placed in the back of a car and told that he would be killed if he ever told anyone what happened.  The plaintiff was then taken to the Jones County Jail where he was incarcerated.

Tyson's Complaint alleges Sheriff Dykes was the Sheriff of Jones County, Mississippi, at the time of the incident and, along with the other former defendant sheriffs in this case, was a member of the Board of Directors of the Southeast Mississippi Drug Task Force ("Task Force").  While not stating whether he is suing Dykes in his official or individual capacities, Tyson levies vague allegations that Sheriff Dykes acted "in reckless disregard" by "creating an atmosphere" that " authorized and encouraged the violation of the civil rights of pretrial detainees," without providing any specifics to substantiate such claims.  Tyson further asserts that Sheriff Dykes failed to properly supervise the officers of the Task Force and failed to have in place "policies and procedures" to protect the civil rights of arrestees.  However, no specific basis for these allegations is provided.

In response to the defendants' motions to dismiss based on qualified immunity, Tyson filed a Response, stating that "upon information and belief" Sheriff Dykes was aware that Chris Smith had beaten a handcuffed prisoner at the Jones County Adult Detention Center, but later alleges that Sheriff Dykes was "actively working to keep from officially finding out" about such alleged incidents.  Tyson alleges the Board of

Directors of the Task Force failed to meet during the last twelve months of the Task Force's operation and that Sheriff Dykes was on notice of the "tasering" of handcuffed prisoners. However the Affidavit of Sheriff Dykes indicates that Tyson's conclusory allegations are unfounded.

On April 6, 2007, the plaintiff filed this action alleging claims under 42 U.S.C. § 1983 and Miss. Code Annotated § 11-46-1, *et seq*. The plaintiff's Complaint asserts cause of action against, among others, Sheriff Dykes, Jones County and Chris Smith. Although the plaintiff's Complaint does not expressly state that he is suing Sheriff Dykes and/or Smith in each's "individual capacity," the allegations of the Complaint, including the fact that the plaintiff asserts a claim for punitive damages, make it clear that both Sheriff Dykes and Smith are being sued individually.

## STANDARD OF REVIEW

### Motion to Dismiss

The defendant has moved the court to dismiss this matter under Rule 12(b)(6) for failure of the plaintiff to state a claim upon which relief can be granted asserting that both Dykes and Smith are entitled to qualified immunity. In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings. We

accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted). Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

However, the court entered a scheduling order allowing the parties to engage in specific discovery related to the qualified immunity issues and gave the parties a chance to supplement the motions to dismiss and the responses. The parties engaged in limited discovery and Dykes has supplemented his motion to dismiss. The plaintiff had until October 5, 2007, to supplement his response, but has chosen not to do so. Since the 12(b)(6) motion usually only tests the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE

AND PROCEDURE: Civil 2d § 1357 at 300 (1990).  However, such a result is only technically correct since subject matter jurisdiction may be raised at any time, either by the court *sua sponte* or by a motion to dismiss.  *See, Burks v. Texas Co.*, 211 F.2d 443 (5th Cir. 1954).

Therefore, any motion which challenges the subject matter jurisdiction of the court would be proper at any time, even up until trial.  Rule 12(h)(3), Fed.R.Civ.P. Thus, while technically a 12(b)(6) motion may be made at any time, even after a responsive pleading is filed, the court still may not consider anything but the well-pleaded allegations of the complaint in ruling on it.  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.  Regarding such conversion, Rule 12(b) provides specifically;

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

"The element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material.  It is not relevant how the defense is actually denominated."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 485 (1990).  Further, as the Fifth Circuit has explained,

> The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment.  In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56.  *Arrington v. City of*

5

>  *Fairfield,* 414 F.2d 687 (5th Cir. 1969); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 at 679 (1969).

*Murphy v. Inexco Oil Co.*, 611 F.2d at 573.  On a 12(b)(6) motion, of course, the court must view all well-pleaded facts as true and in the light most favorable to the non-moving party.  However, "once the proceeding becomes one for summary judgment, the moving party's burden changes and he is obliged to demonstrate that there exists no genuine issue as to any material fact and that he is entitled to judgment as a matter of law."  C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 506 (1990).

**<u>Summary Judgment</u>**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence

is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

7

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **LIABILITY UNDER 28 U.S.C. § 1983**

The plaintiff must establish, as a prerequisite to maintaining a Section 1983 claim, the following:

(a) that the defendants were acting under color of state law, and

(b) that while acting under color or state law, the defendants violated rights of the plaintiff that are protected by the United States Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535; 101 S.Ct. 1908, 1912; 68 L.Ed.2d 420 (1981); *Augustine v. Doe*, 740 F.2d 322, 324 (5th Cir. 1984). There is no dispute that Sheriff Dykes and defendant Smith were both acting under color of state law at all times complained of in their respective positions as law enforcement officers of Jones County, Mississippi. Further, the plaintiff has alleged violations of rights on the part of both defendants protected by the United States Constitution and laws of the United States as well as various supplemental state law tort claims. In the face of these claims, both defendants have moved for dismissal, in their individual capacities, on the basis of qualified immunity.

The plaintiff's Complaint contains allegations that appear to allege excessive force on the part of Smith during and after his arrest. He also attempts to graft these allegations to Sheriff Dykes by way of asserting a failure to supervise and/or train. The Fifth Circuit has instructed that "[t]he constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996)(citing *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). In *Hare* the Fifth

9

Circuit also held "that both medical care and failure-to-protect cases should be treated the same for purposes of measuring constitutional liability." *Id.*

Further, when "a pretrial detainee's claim is based on a jail official's episodic acts or omissions, . . . the proper inquiry is whether the official had a culpable state of mind in acting or failing to act[,]" and that "a standard of deliberate indifference [is] the measure of culpability for such episodic acts or omissions." 74 F.3d at 643. Restated, the court held "that the episodic act or omission of a state official does not violate a pretrial detainee's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs." *Id.* at 647-48.

## **QUALIFIED IMMUNITY**

The Fifth Circuit has held that "government officials performing discretionary functions are protected from civil liability, individually, under the doctrine of qualified immunity if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sorenson v. Ferrie*, 134 F.3d 325, 327 (5th Cir. 1998)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)). The purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good-faith performance of their duties." *Wren v. Towe*, 130 F.3d 1154, 1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit," including discovery. *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir.

1986); *see also, McLendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(holding that qualified immunity is intended to provide immunity not only from suit but pretrial matters such as discovery as well).  Further, the qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues. *See, Harlow*, 102 S.Ct. at 2728*; see also, Rule 16.1(B)(4), Uniform Local Rules of the United States District Court for the Northern and Southern Districts of Mississippi*.

Under the two step analysis employed by the Fifth Circuit in reviewing claims wherein qualified immunity has been asserted, the Court must first determine "whether the plaintiff has asserted the violation of a clearly established constitutional right.  If so, the court decides whether the defendant's conduct was objectively reasonable." *Sorenson*, 134 F.3d at 327 *(*quoting *Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir. 1997)(applying the two-prong test of *Siegert v. Gilley*, 500 U.S. 226, 231-32, 111 S. Ct. 1789, 1792-93, 114 L. Ed. 2d 277 (1991)).  The first step "is subdivided into three questions: (1) whether a constitutional violation is alleged; (2) whether the law regarding the alleged violation was clearly established at the time of the alleged violation; and (3) whether the record shows that a violation occurred." *Dudley v. Angel*, 209 F.3d 460, 462 *(*quoting *Kerr v.Lyford,* 171 F.3d 330, 339 (5th Cir. 1999)*(*citing *Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988)).

It is well settled that "individual liability under Section 1983 may not be predicated on the doctrine of *respondeat superior.*" *Monell v. Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *Eugene v. Alief Indep.*

*Sch. Dist.*, 65 F.3d 1299, 1303 (5th Cir. 1995). "Only the direct acts or omissions of government officials…will give rise to individual liability under Section 1983." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997)(emphasis added)(citing, *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).

If an officer is directly involved in an alleged constitutional violation, the plaintiff must further provide evidence sufficient to establish that he has (1) suffered a violation of a clearly established right and that (2) the official's conduct was objectively unreasonable under the circumstances. *See, Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). The objective reasonableness of an official action is an issue of law to be decided by the court. *Williams v. Bramer*, 180 F 3d 699, 703 (5th Cir. 1999).

When a plaintiff alleges that actions taken by officials were done because of a failure to train or supervise or pursuant to policies that violate his constitutional right, the plaintiff must show (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exist between the failure to train or supervise in the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Smith v. Brenoettsy*, 158 F. 3d 908, 911-12 (5th Cir. 1998). As previously stated, supervisory officials cannot be held liable under 42 U.S.C. § 1983 for the actions of subordinates on any theory of vicarious or *respondeat superior* liability. *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

The plaintiff must, therefore, show that the conduct, action or inaction of each individual official denied him his constitution right. *See Evett v. Deep E. Texas Reg'l*

*Narcotics Trafficking Task Force*, 330 F. 3d 681,689 (5th Cir. 2003).  Therefore, qualified immunity analysis requires the court to determine the actions of each officer individually.  *Hernandez v. Tex. Dept. of Protective and Regulatory Services*, 830 F. 3d 872, 883-84 (5th Cir. 2004).  Even when defendants act in unison, a court must consider the acts of each separately for the purposes of qualified immunity.  *Meadours v. Ermel*, 483 F. 3d 417, 421 (5th Cir. 2007).

The record before the court is silent with regards to precisely what role Tyson alleges Sheriff Dykes personally played in his arrest.  No evidence has been submitted to show that Sheriff Dykes made any substantive decisions on the specifics of Tyson's arrest or confinement, and there is no evidence in the record that specifically ties Sheriff Dykes personally to any particular act surrounding Tyson's arrest or detention.  Further, Dykes' affidavit specifically refutes any allegations to the contrary.  Tyson provides nothing but conclusory allegations of a failure to implement appropriate policies to defeat Dykes' assertion of qualified immunity.  However, he has completely failed to produce any evidence of precisely what policy he alleges was in place which led to the incident, whether Sheriff Dykes violated such a policy, or exactly how Sheriff Dykes' actions were sufficient to nullify his immunity from this lawsuit.

Claims of inadequate supervision and control and claims of inadequate training both generally require that a plaintiff demonstrate a pattern.  *Burge v. St. Tammany Parish*, 336 F. 3d 363, 370 (5th Cir. 2003)(proof of deliberate indifference "generally requires a showing 'of more than a single incident of the lack of training or supervision causing a violation of constitutional rights'")(quoting *Thompson v. Upshure County*, 245

F 3d 447, 459 (5th Cir. 2001). However, Tyson has failed to make such a showing. Tyson has not presented any evidence of a pattern of conduct by Sheriff Dykes sufficient to defeat his assertion of qualified immunity.

The analysis as to defendant Chris Smith is considerably different. Smith is alleged to have personally participated in the alleged use of excessive force against Tyson. Indeed, there have been numerous criminal pleas involving Smith and others arising out of the operations of the Drug Task Force, of which the court takes judicial notice. To the extent that Smith is alleged to have directly participated in improper conduct toward Tyson, qualified immunity is simply not available to shield him from liability. *See, Anderson v. Creighton* 483 U.S. at 640; and *Mangieri v. Clifton*, *supra.*

IT IS THEREFORE ORDERED AND ADJUDGED that Sheriff T. Larry Dykes is dismissed from this action with prejudice based on qualified immunity and his supplemental motion **[#36]** is granted as are docket numbers **[5] & [10]** to the extent he has joined therein by way of docket number **[20]**.

IT IS FURTHER ORDERED AND ADJUDGED that Chris Smith's motion to dismiss by joinder **[#26]** is denied.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 8th day of November, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE